GIOVANETTI, Appellant,

v.

OHIO STATE DENTAL BOARD, Appellee.

[Cite as *Giovanetti v. Ohio State Dental Bd.* (1991), 63 Ohio App.3d 262.]

Court of Appeals of Ohio,
Mahoning County.

No. 90 C.A. 61.

Decided Feb. 14, 1991.

*Anthony G. Rossi,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, *John C. Dowling* and *Susan C. Walker,* Assistant Attorneys General, for appellee.

O'NEILL, Presiding Judge.

On March 10, 1986, the appellant, James T. Giovanetti, D.D.S., received a notice from the State Dental Board informing him that his license to practice dentistry had been suspended for a period of four months immediately upon receipt of the notice of suspension. On March 21, 1986, pursuant to R.C. 119.12, the appellant appealed this suspension order to the Common Pleas Court of Trumbull County. On that date, March 21, 1986, the Trumbull County Common Pleas Court granted a stay suspending the execution of the order of suspension. On November 12, 1987, the Trumbull County Common Pleas Court affirmed the order of suspension issued by the State Dental Board. The appellant did not, within thirty days, file a notice of appeal directed to this judgment of the Trumbull County Common Pleas Court. On February 2, 1988, through the use of an undercover person, agents of the State Dental Board were able to secure the services of the appellant in the repair of a dental prosthetic. Upon completion of the repair of the prosthetic, the appellant charged the undercover agent the sum of $45. The dental board obviously considered this to be the illegal practice of dentistry, informed the appellant of this alleged violation and, following a hearing on November 30, 1988, informed the appellant that it was the decision of the board to revoke the appellant's license to practice dentistry. A timely notice of appeal directed to this adjudication was filed in the Mahoning County Common Pleas Court. On March 27, 1990, the Mahoning County Common Pleas Court affirmed the order of revocation of the dental board. A timely notice of appeal was filed directed to this final judgment of the common pleas court.

▮ The first assignment of error complains that the trial court erred in finding the adjudication order of the dental board to be supported by reliable, probative and substantial evidence, and further finding that it was in accordance with law.

In support of this assignment of error, the appellant states that the sole ground, upon which the dental board revoked his license, was its accusation that on February 2, 1988, while his license was under suspension, he practiced dentistry by performing dental services for Sgt. Harry Husk. The appellant

goes on to state there is absolutely no evidence in the record that Dr. Giovanetti's license was under suspension on February 2, 1988. The original appeal of suspension was taken to the Common Pleas Court of Trumbull County pursuant to R.C. 119.12. That court granted a stay of the suspension order pursuant to authority granted by R.C. 119.12. However, R.C. 119.12 addresses, very specifically, the tenure of a suspension of an order of the dental board after the initial appeal to the common pleas court has been prosecuted:

" * * * If an appeal is taken from the judgment of the court [of common pleas] and the court has previously granted a suspension of the agency's order as provided in this section, such suspension of the agency's order shall not be vacated and shall be given full force and effect until the matter is finally adjudicated. * * * " R.C. 119.12.

The obvious interpretation of the foregoing portion of R.C. 119.12 is that if a suspension of an order is initially granted by the common pleas court and a timely notice of appeal is filed from the judgment of the common pleas court, then the original suspension of the order of the dental board shall continue in effect until completion of the appellate process. In this case, the appellant did not timely appeal the affirmance of the common pleas court and, accordingly, it is our conclusion that the stay order issued by the Trumbull County Court of Common Pleas, on March 21, 1986, expired thirty days after the November 12, 1987 judgment of the Trumbull County Court of Common Pleas affirming the order of suspension of the dental board. It follows then that such suspension was in force and effect on February 2, 1988, the day upon which the appellant was observed to be practicing dentistry.

The appellant goes on to argue that the evidence clearly demonstrated that he had a valid dental license issued by the dental board in December 1987, which license was in effect on February 2, 1988. We cannot argue with this contention except to state that the order in effect was not a revocation of his dental license but simply a suspension of his dental license and since the suspension flowed over into the renewal of his license, the suspension was still effective as to the new license.

The appellant further points out that, under cover of September 16, 1988, he received a letter from the Attorney General's office stating that "Dr. Giovanetti's license to practice dentistry in Ohio is now under a four month suspension effective September 7, 1988." We do not know the reason for this letter. As a matter of law, the appellant's license was suspended from March 10 until March 21, 1986, when the suspension was stayed by the Common Pleas Court of Trumbull County. As a matter of law, the suspension again became effective December 13, 1987 when the judgment of the common pleas court,

affirming the order of the dentistry board, became final. Such suspension was effective until the passage of four months, pursuant to law.

The first assignment of error is found to be without merit.

The second assignment of error essentially addresses all of those errors discussed under disposition of the first assignment of error and, accordingly, is found to be without merit.

■ Assignment of error number three states that the notice of opportunity for hearing relative to the subsequent revocation served upon the appellant was defective and not in compliance with R.C. 119.07.

The appellant correctly points out that R.C. 119.07, by addressing the issue of potential adjudication measures, states, in pertinent part, relative to the notice that:

" * * * Such notice shall be given by registered mail, return receipt requested, and shall include the charges or other reasons for such proposed action, [and] the law or rule directly involved * * *."

The appellant points out that the notice of opportunity, which was served upon him, states, in pertinent part:

"Therefore, in accordance with the provisions of Chapter [sic] 4715.30(C)(2), of the Revised Code, your license to practice dentistry in the State of Ohio is immediately revoked."

Again, the appellant correctly points out that R.C. 4715.30(C)(2) makes no provision for revocation of a license. Appellant goes on to point out that revocation of a dental license is controlled by R.C. 4715.30(C)(4). In conclusion, the appellant argues that it is quite clear that R.C. 119.07 was not complied with because the board did not cite the law or rule directly involved in its notice of opportunity for hearing. At the administrative hearing, counsel for the appellant pointed out this question to the hearing officer and, very bluntly, stated to him: "To this very moment I am not sure and I don't believe we have notice as to why we're here, whether it's in accordance with [R.C.] 4715.30(C)(2) or 4715.30(C)(4)." The notice for opportunity for hearing, received by the appellant, informed him that " * * * [o]n March 10, 1986 an adjudication order was sent to you suspending your license to practice dentistry in the State of Ohio for four months * * *." This notice then goes on to point out the action of the Trumbull County Common Pleas Court and, further, the fact that, on February 2, 1988, while appellant's license was under suspension, he practiced dentistry. It is then clearly stated: "Therefore, in accordance with the provisions of Chapter [sic] 4715.30(C)(2), of the Revised Code, your license to practice dentistry in the State of Ohio is immediately revoked." This notice met the requirements of R.C. 119.07. The original

suspension order was pursuant to R.C. 4715.30(C)(2). However, there must be a further reading of the statute, R.C. 4715.30(C), wherein it is stated:

"Where the board places a holder of a license or certificate on probationary status pursuant to division (C)(2) of this section, the board may subsequently suspend or revoke the license or certificate if it determines that the holder has not met the requirements of the probation * * *."

Certainly, the notice of opportunity for hearing afforded the appellant information relative to the law applicable to the citation contained therein.

This third assignment of error is found to be without merit.

The fourth assignment of error contends that there was no basis for the charges against the appellant upon which this revocation was based pursuant to R.C. 4715.30(C).

This assignment of error relates to a criminal action which had been prosecuted against the appellant by the dental board. A complaint had been filed in the county court alleging that the appellant, on February 2, 1988, practiced dentistry without a license in violation of R.C. 4715.09(A). That statute read, in pertinent part:

"(A) No person shall practice dentistry until he has obtained a license from the state dental board."

The penalty for violation of this statute is a fine of $50 to $500. (Former R.C. 4715.99.)

Following a trial in the county court, the appellant was found to have violated R.C. 4715.09 and the county court imposed a fine of $50. That judgment was appealed to this court and this court ruled, in part:

"It is uncontroverted that Dr. Giovanetti had a license to practice dentistry at the time this incident occurred. It may have been under suspension at the time, but the revised code section under which he was charged does not address that kind of violation."

Accordingly, this court reversed the judgment of the county court and released the appellant. An appeal from this court's decision was attempted to the Ohio Supreme Court, but was denied as having been improvidently allowed. See *State v. Giovanetti* (1990), 51 Ohio St.3d 603, 554 N.E.2d 1297.

The appellant argues that the dental board, therefore, is obviously inconsistent in their proceedings. In other words, he points out that, when the dental board filed the action in county court, it alleged that he had practiced dentistry without a license. He goes on to argue that R.C. 4715.30, providing for disciplinary action by the dental board, specifically states that disciplinary action may be brought against only the holder of a certificate or license issued

by the state in the field of dentistry. We recognize the appellant's argument that the actions of the board are inconsistent but it is not our conclusion that such inconsistency is the basis for a reversal.

Accordingly, this fourth assignment of error is found to be without merit.

The fifth assignment of error contends that the board violated the procedural requirements in its failure to comply with R.C. Chapter 119.

On March 15, 1988, the appellant was notified that, in view of his activities on February 2, 1988, it was the intention of the dental board to revoke his license to practice dentistry. Notice of this charge advised the appellant that he could request a hearing within thirty days of the time of mailing of the notice. On March 18, 1988, the appellant requested a hearing. On March 22, 1988, the dental board informed the appellant that his hearing would take place in Columbus, Ohio, on March 31, 1988. However, that same notice informed the appellant that that hearing had been continued and that he would be notified of the new date and time of the hearing. On April 11, 1988, the appellant was notified that his hearing had been set for June 17, 1988. This hearing was to take place in Westlake, Ohio. Upon appellant's counsel's request, the hearing was set for June 16, 1988 at Westlake, Ohio. On June 16, 1988, counsel for the appellant notified the dental board of various objections relative to the hearing which was scheduled for June 16, 1988. The three specific objections are:

"1. Objection to the refusal of the Ohio State Dental Board to permit a record to be taken of the proceedings this date in Westlake, Ohio, notwithstanding the request therefor by the undersigned and the presence of an official court reporter who had been retained by the Ohio State Dental Board for the purpose of transcribing the proceedings;

"2. Objection to the continuance of the subject hearing upon Motion of the Ohio State Dental Board because of alleged 'procedural issues' raised by the undersigned; and

"3. At no time did the undersigned raise any procedural issues of any nature whatsoever with the Ohio State Dental Board upon which such a Motion could have been predicated[.]"

Nothing in the record reflects resolution of these objections. On September 22, 1988, appellant's counsel received a notice from the Ohio State Dental Board informing him that the hearing would take place November 18, 1988 at Columbus, Ohio. The objection was renewed at the hearing conducted on November 18, 1988. In response to the objection at the hearing, counsel for the board stated that the board has the ability to continue a hearing on its own motion. Counsel further stated that, at the time of the Westlake

hearing, he had been informed that there had been a stay order signed by a judge of the common pleas court on March 24, 1988. Regardless, we find no prejudicial error flowing from the continuance.

Under this assignment of error, appellant goes on to argue that he exercised a statutory right by requesting that the place of the rescheduled adjudication hearing be in Youngstown, Ohio, which was the county seat of the county wherein the appellant resided. He goes on to state that the dental board absolutely ignored this request.

R.C. 119.08 reads as follows:

"The date, time, and place of each adjudication hearing required by sections 119.01 to 119.13, inclusive, of the Revised Code, shall be determined by the agency. If requested by the party in writing, the agency may designate as the place of hearing the county seat of the county wherein such person resides or a place within fifty miles of such person's residence."

It is obvious that this statute affords to the agency the right to determine the place of the adjudication hearing. It further gives the agency the discretion to designate a place of hearing in the county seat of the appellant's home county or a place within fifty miles of such residence. However, this authority is permissive and discretionary and not absolute.

Accordingly, in the absence of any evidence of an abuse of discretion, this portion of this assignment of error is found to be without merit.

Assignment of error number five is found to be without merit.

Assignment of error number six contends that the board's adjudication order, revoking appellant's license, was the result of selective investigation, instigation, entrapment and prosecution, thereby depriving appellant of due process of law and equal opportunity under the law in violation of his rights.

Essentially, under this assignment of error, the appellant argues that he was entrapped by agents of the State Dental Board. The defense of entrapment is a defense exclusive to criminal prosecution. "The defense of entrapment is an affirmative defense to a criminal prosecution * * *." *State v. Good* (1960), 110 Ohio App. 415, 83 Ohio Law Abs. 65, 11 O.O.2d 459, 165 N.E.2d 28, paragraph one of the syllabus.

The annotation to the case of *Henderson v. United States*, (C.A. 5, 1956), 237 F.2d 169, 61 A.L.R.3d 666, at 677, states:

"To invoke the defense of entrapment it must necessarily be assumed that the act charged as a public offense was committed, and it has been held, or recognized by strong intimation or necessary inference, in a number of cases that the defense of entrapment is not available to a defendant who denies that he committed the offense charged."

It is obvious, from a review of all of the authorities, that the defense of entrapment is available only in criminal cases and this administrative procedure was not a criminal case.

Accordingly, this sixth assignment of error is found to be without merit.

Assignment of error number seven states that the charge upon which the board's adjudication order was predicated was not initiated by the board as required by R.C. 4715.03 but was initiated by the secretary of the board.

Apparently, this assignment of error has reference to the notice of opportunity for a hearing mailed to the appellant on March 15, 1988 and bearing the signature of Nicholas J. Tomasi, D.D.S., M.S.C., Secretary of the Ohio State Dental Board. The appellant specifically refers to the portion of R.C. 4715.-03(D), which states:

" * * * If after investigation the board determines that there are reasonable grounds to believe that a violation of this chapter has occurred, the board shall conduct disciplinary proceedings pursuant to Chapter 119. of the Revised Code. * * * "

Apparently, it is the appellant's contention that the notice of his potential revocation should have been signed by each member of the dental board rather than by the secretary. We must make note of the fact that the notice of potential revocation of license bearing Dr. Tomasi's signature very specifically stated before the doctor's signature that the notice of potential revocation was "BY ORDER OF THE OHIO STATE DENTAL BOARD." Nothing in the record reflects that the dental board did not execute the duties incumbent upon it and, accordingly, this seventh assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DONOFRIO and COX, JJ., concur.